IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS VAZQUEZ, on behalf of himself and all other persons similarly situated, known and unknown, ) ) ) ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) ) | |
| PRO SOURCE GRANITE, INC., and ROY E. SMITH, JR., individually ) ) ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Jose Luis Vazquez, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys, for his Complaint against Defendants, Pro Source Granite, Inc. (hereinafter "Pro Source"), and Roy E. Smith, Jr., individually (hereinafter "Smith"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.* for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons. Plaintiff also brings individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for Defendants' failure to compensate him for all time worked.

2. In one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated installers worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §

1

216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Pro Source is an Illinois corporation. Defendant Pro Source is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

9. Defendant Pro Source is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

10. During the last three years, Defendant Pro Source's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

11. During the course of his employment with Defendant Pro Source, Plaintiff handled goods that moved in interstate commerce.

12. Defendant Pro Source was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

13. Defendant Pro Source was Plaintiff's "employer" as defined by the IMWL. 820

ILCS 105/3(c).

14. Defendant Pro Source was Plaintiff's "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

15. Plaintiff was Defendant Pro Source's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

16. Plaintiff was Defendant Pro Source's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

17. Plaintiff was Defendant Pro Source's "employee" as defined by the IWPCA. 820 ILCS 115/2.

18. Defendant Smith resides in and is domiciled within this judicial district.

19. Defendant Smith is an owner and an officer of Pro Source and is involved in the day to day business operations of Pro Source. During the prior three (3) years, Defendant Smith hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, including payroll accounts, and participated in decisions regarding employee compensation and capital expenditures.

20. Defendant Smith was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

21. Defendant Smith was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

22. Defendant Smith was Plaintiff's "employer" as that term is defined by the IWPCA. 820 ILCS 115/2.

23. Plaintiff was Defendant Smith's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

24. Plaintiff was Defendant Smith's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

25. Plaintiff was Defendant Smith's "employee" as defined by the IWPCA. 820 ILCS 115/2.

**FACTUAL BACKGROUND**

26. Plaintiff worked for Defendants from approximately August 2014 through September 2015.

27. Plaintiff was hired by Defendant Smith to work for Defendants as an installer.

28. During the prior three (3) years, Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

29. During the prior three (3) years, other installers were not exempt from the overtime provisions of the FLSA and the IMWL.

30. In one or more work weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work weeks.

31. For example, Plaintiff customarily worked 6 days a week, Monday through Saturday. Plaintiff's work day typically began at 7 a.m. and typically ended after 6 p.m. See Exhibit B, attached hereto.

32. In one or more weeks during the prior three (3) years, other similarly-situated employees worked more than forty (40) hours.

33. Defendant paid Plaintiff on an hourly basis.

34. Defendant paid other similarly situated employees on an hourly basis.

35. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked

more than forty (40) hours per work week.

36. Instead, Defendants paid Plaintiff his regular rate of pay for all time worked in individual work weeks, with no overtime pay for the time he worked over forty (40) hours in one or more individual work weeks. See Group Exhibit C, attached hereto.

37. In one or more weeks during the prior three (3) years, Defendants did not pay other similarly situated employees overtime pay at a rate of one and one-half times their regular rate of pay when they worked more than forty (40) hours per work week.

38. Instead, Defendants likewise paid other similarly-situated employees their regular rate of pay for all time worked in individual work weeks, with no overtime pay for the time they worked over forty (40) hours in one or more individual work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff repeats and realleges paragraphs 1 through 38 as if fully restated herein.

39. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and those similarly situated for all time they worked for Defendants.

40. Plaintiff and other similarly-situated employees worked for Defendants as installers.

41. In one or more work weeks during the last three years, Plaintiff and other installers worked in excess of forty (40) hours per week.

42. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and those similarly situated worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

43. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

44. Defendants did not compensate other similarly situated employees at a rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

45. Defendants' failure and refusal to pay overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint.

47. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

48. During the last three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

49. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

50. Defendants did not pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

51. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

52. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

53. Defendants and Plaintiff had an agreement or understanding that Defendants would pay Plaintiff his hourly rate of pay for all time he worked each work week. Defendants agreed to pay Plaintiff $15.00 for each hour he worked.

54. Despite the Defendants' agreement to pay Plaintiff for all time he worked, Defendants failed to compensate Plaintiff for all time Plaintiff worked in his last two weeks of employment at the rate the Parties agreed.

55. Defendants failed to pay Plaintiff approximately 41 hours of work during his last two weeks of employment.

56. Defendants violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendants and failing to pay Plaintiff his final compensation.

57. Plaintiff has been damaged by Defendants' failure to compensate him for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

                                                      Respectfully submitted,

Dated: September 25, 2015                     s/ Douglas M. Werman
                                                      One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff